**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

| | |
|---|---|
| BRIAN MADPLUME,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON,<br><br>Defendant. | Cause No. CV 10-00039-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

On September 15, 2010, after conducting the initial prescreening process mandated by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Court found that Mr. MadPlume's Complaint failed to state a claim upon which relief may be granted. The Court identified a number of defects which could potentially be cured by the allegation of additional facts and gave Mr. MadPlume until October 1, 2010 to file an amended complaint. (Court Doc. 6). Mr. MadPlume was granted two extensions of time to file an amended complaint, the second extension giving him until December 31, 2010. (Court Docs. 9 and 11). Mr. MadPlume has not filed anything since his November 17, 2010 motion for extension.

(Court Doc. 10).

In its Order of September 15, 2010 (Court Doc. 6), the Court determined Mr. MadPlume's Complaint was subject to dismissal because Mr. MadPlume named only a state agency protected from liability for monetary damages by the Eleventh Amendment and he did not specifically plead prospective declaratory or injunctive relief. Although Mr. MadPlume was given an opportunity to file an amended complaint in order to name persons or entities which are capable of being sued, he has not done so despite two extensions of time. Accordingly, for the reasons set forth in the Court's Order of September 15, 2010, the Complaint will be recommended for dismissal with prejudice.

"Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision. Mr.

MadPlume's Complaint is frivolous and fails to state a claim upon which relief may be granted.

Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section

1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

Any appeal of this matter would be frivolous given Mr. MadPlume's failure to name a defendant who is not entitled to Eleventh Amendment immunity and his failure to amend his Complaint when given the opportunity to do so. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Based on the foregoing, the Court issues the following:

RECOMMENDATIONS

1. Mr. MadPlume's Complaint should be DISMISSED WITH PREJUDICE. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. MadPlume's Complaint fails to state a claim upon

which relief may be granted.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. MadPlume may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district

judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of January, 2011.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge